SHAW *against* THE TURNPIKE.

3pw445
196  286

If a party to a contract be delinquent in the advancement of funds, the other party may take advantage of the omission, by declaring the contract at an end: but if he treats the contract as still subsisting, he thereby waives the consequences of such default, and he cannot afterwards avail himself of such delinquency to recover a *quantum meruit* for work done, in pursuance of a contract under seal.

Appeal from the Circuit Court of *Mifflin* county held by Justice *Rogers.*

In this case *William Shaw* was plaintiff, and *The Lewistown & Kishacoquillas Turnpike Road Company* was defendant. The facts were the same as those given in evidence, on a former trial, and which are fully stated in the former report of the same case in 2 *Penn. Rep.* 454. The plaintiff's right to recover was founded upon the following points, both of which his Honor answered in the negative:

1. The court are requested to charge the jury, that the failure of making the side roads, does not prevent the plaintiff from maintaining this suit, but whatever may be the costs of making the side roads is a proper subject for the jury to defalk in damages.

2. That the testimony of Mr. *McClay* as to the conduct of himself and managers, relative to the side roads, is a matter of fact to

be left to the jury, to say whether this is not a waiver of that part of the contract, or an implied agreement that whatever the cost of the side roads would be, should be defalked in the final settlement of the accounts.

*Blanchard,* for appellant.
*Potter,* for appellee.

The opinion of the Court was delivered by

GIBSON, C. J.—The principles of this cause were pretty fully developed on a former occasion, when it was determined, that there could not be a recovery on the original contract; and it is therefore necessary to notice but the new ground taken at the trial. The plaintiff went for a compensation for work and labor done, on a supposition that the special contract, which is admitted not to have been fulfilled on his part, had been rescinded by the acts of the defendant; and for this he relies on the facts that the company had not advanced the funds necessary to have enabled him to perform his engagement: and had besides erected toll gates while the summer road remained to be made. The exaction of tolls unauthoriz-ed by law, was a matter of which the public, and not the plaintiff, had a right to complain, unless indeed the occupancy of the finished part of the road had rendered the completion of the rest more diffi-cult, which is not pretended. There is not a particle of evidence that he objected to it. Then if the Company had put it in his pow-er to dispense with the contract by reason of delinquency in the ad-vancement of funds, it was his business either to take advantage of the omission by declaring the contract at an end, or to waive the consequences of the default by treating it as still subsisting. He chose to do the latter; and though it appeared the work had lan-guished for want of the requisite advancements, he continued his services without any intimation of their being rendered on new and implied terms. That he considered the original contract as a sub-sisting one, appears from his having counted on it; and his attempt to recover a *quantum meruit,* is evidently the result of an after-thought. The very work for which he demands compensation was done on the foot of that contract. Would he have been permitted to go on, had he informed the Company that he was working un-der no contract but what the law might imply? Most probably he would not; and it is now too late to apprize it for the first time, that the terms had been changed. He might, perhaps, even now, avail himself of a final refusal of the Company to fulfil the contract; but when the action was brought, there had been no repugnance to pay the last farthing, provided the work were completed, and an offer to that effect has been repeated both here and at the trial. It would, in these circumstances, be as unjust as it is illegal, to suffer a contractor to recover for performance of perhaps the most lucra-

[Shaw *v.* The Turnpike.]

tive part of the job and leave the residue on his employer's hands. As to the allegation that the facts were withdrawn from the jury, it is sufficient that the plaintiff took a non-suit on hearing the opinion of the judge, and he it was who withdrew the cause. Though the recision of the contract was a question of fact, there was in reality no evidence to support the affirmative of it, and nothing to be submitted; so that had there been a verdict for the plaintiff, it must necessarily have been set aside. In a cause like the present, a pointed expression of opinion was, for reasons which it is unnecessary to name, peculiarly proper; and it seems to me the remarks of the judge were by no means too strong. The non-suit is therefore not to be taken off.

Judgment affirmed.